IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VRM (VENDOR RESOURCE MANAGEMENT) DULY AUTHORIZED AGENT FOR THE SECRETARY OF VETERANS AFFAIRS, | § § § § § § |
| VS. | § CIVIL ACTION NO. 4:14-CV-783-O § |
| ALBERT DIAS, JR., ET AL. | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING MOTION TO REMAND

Pending before the Court is Plaintiff's Motion to Remand [doc. #7], filed September 8, 2014. Having carefully considered the motion and the Defendants' Response, the Court recommends that Plaintiff's Motion to Remand be **GRANTED.**

On June 23, 2014, Plaintiff filed an Original Petition for Forcible Detainer against the Defendants in Precinct 7, Place 1 of the Justice of Peace Court, Tarrant County, Texas. (Plaintiff's Motion to Remand ("Pl.'s Mot.") at 2 & Exhibit ("Ex.") 5.) After judgment was granted in favor of the Plaintiff on July 16, 2014, Defendants appealed the decision to the County Court at Law No. 1, Tarrant County, Texas.[1] (Pl.'s Mot. at 3 & Ex. 5.) Defendants removed the appeal to this Court on September 2, 2014.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). There are two types of original jurisdiction: (1) federal question and (2) diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution,

---

[1] The Court notes that Defendants, in their Motion to Remand, stated that judgment was granted on June 16, 2014 and the Defendants appealed the case on June 21, 2014. (Pl.'s Mot. at 3.) However, such dates appear to be a typographical error as the original petition was not filed until June 23, 2014. (*See* Pl.'s Mot. at Ex. 5.)

laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. 28 U.S.C. § 1332.

To determine whether federal jurisdiction exists, the Court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Additionally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723. If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

In the Motion to Remand, Plaintiff claims that this case should be remanded because, *inter alia*, the Defendants are citizens of Texas and, therefore, cannot remove the case to this Court. Pursuant to 28 U.S.C. § 1441(b), "a civil action otherwise removable solely on the basis of [diversity of citizenship] jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In the Notice of Removal, Defendants indicate that they are citizens of Texas and that Plaintiff is a citizen of the District of Columbia. (Defendants' Notice of Removal at 3.) Defendants again indicate their Texas citizenship in their Response. (Defendants' Objection to the Plaintiff's Motion to Remand ("Defs.' Resp.") at 4.) Because the Defendants are citizens of and the action was brought in

Texas, the Court, pursuant to 28 U.S.C. § 1441(a),[2] recommends **GRANTING** Plaintiff's motion to remand.

Alternatively, Defendants assert that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, because the "Plaintiff's Complaint alleges a cause of action under the laws of the United States, 15 U.S.C. § 1681 [the federal Fair Credit Reporting Act "FCRA"]." (Defs.' Resp. at 2.) Assuming Defendants are referring to Plaintiff's Petition for Forcible Detainer filed against Defendants in the Justice of the Peace Court, such document does not appear to raise any federal issue. (*See* Pl.'s Mot. at Ex. 5.) The FCRA is primarily concerned with fairness and accuracy of credit reporting; it does not include a cause of action for forcible detainer. *See* 15 U.S.C. § 1681. The action in this case is a simple eviction under Section 24 of the Texas Property Code and makes no mention of credit reporting or any claim arising under 15 U.S.C. § 1681. (Pl.'s Mot. at Ex. 5.) *See Fed. Home Loan Mortg. Corp. v. Tanner*, No. 3:12-CV-3898-N, 2012 WL 6764529, at *2 (N.D. Tex. Dec. 5, 2012). "Defendant[s'] allegation cannot provide the basis for federal question jurisdiction because it was not raised in Plaintiff's complaint." *Fed. Home Loan Mortg. Corp.*, 2012 WL 6764529, at *2. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009); *see also MSOF Corp. v. Exxon Corp*, 295 F.3d 485, 490 (5th Cir. 2002) ("A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."). In addition, "[t]o the extent that Defendant makes this allegation as an anticipated defense or counterclaim to Plaintiff's forcible detainer suit, this likewise

---

[2] Because the Defendants are residents of Texas, the Court does not find it necessary to determine whether the amount in controversy surpasses the statutory minimum. *See* 28 U.S.C. §§ 1332, 1441(b)(2).

cannot be considered in determining whether federal question jurisdiction exists." *Fed. Home Loan Mortg. Corp.*, 2012 WL 6764529, at *3. As a result, the Court does not find that Plaintiff brought a federal claim under 15 U.S.C. § 1681 and the Court does not have federal-question jurisdiction over this case.[3]

## RECOMMENDATION

It is recommended that Plaintiff's Motion to Remand be **GRANTED** and the case should be **REMANDED** to County Court at Law No. 1, Tarrant County, Texas.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See*

---

[3] The Defendants' claim on this issue bears a striking similarity to statements by Defendants in several other recent eviction cases asserting that plaintiffs brought a 15 U.S.C. § 1681 claim where none could be found. *See, e.g., FREO Texas L.L.C. v. Silva*, No. 3:13-CV-4795-B, 2014 WL 1409459, at *2 (N.D. Tex. Apr. 11, 2014); *Fed. Nat'l Mortg. Ass'n v. Fagnan*, No. 3:12-CV-5050-G-BN, 2013 WL 840811, at *3 (N.D. Tex. Feb. 11, 2013); *Fed. Home Loan Mortg. Corp.*, 2012 WL 6764529, at *2-3. The Defendants should note that such language should not be copied just for the sake of filing a frivolous or meritless claim.

*Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 9, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 25, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv